LYTLE v. CRUM.

1. Replevin : INSTRUCTION. In an action to recover possession of personal property, where the defendant alleged that he retained it under a contract giving him a special property therein, it was error to refuse an instruction that if the contract was established as alleged the plaintiff could not recover.

*Appeal from Johnson Circuit Court.*

SATURDAY, DECEMBER 7.

ACTION to recover the immediate possession of personal property. There was a trial by jury, verdict and judgment for the plaintiff, and defendant appeals.

*Remley & Swisher*, for appellant.

*Edmonds & Younkin*, for appellee.

Lytle v. Crum.

SEEVERS, J.—The property in controversy consists of certain cattle which the defendant alleged, in his answer, were brought to the distillery of the Iowa City Alcohol Works to be fed, under a parol agreement that said cattle should be fed by the defendant, "and any excess of the value of said cattle, by reason of their increased weight or the advance in the price of the cattle above what the same were at the time the cattle were delivered to defendant, should be equally divided between the parties ; and, further, that said cattle should not be sold or taken away until both parties agreed thereto."

*1. REPLEVIN: instruction.*

There was evidence tending to support the foregoing allegations, and, if the same were established to the satisfaction of the jury, they constituted a good defense we have no doubt. An instruction in substance was asked by the defendant that, if the jury found the contract to be as claimed by him, the plaintiff could not recover. This was refused, and none given embodying the same principle. Counsel for the appellee do not so claim, but insist—*First.* That no exceptions were taken to the refusal to give the instruction asked. The abstract states, immediately following the instruction and the statement that it was refused, that the defendant excepted. It is evident the exception was to the refusal to give the instruction, and that it was taken at the time, and was, therefore, sufficient. Code, § 2787. *Second.* That the instruction "does not take into consideration the alleged fact that defendant sent word to plaintiff to come and take the cattle away, and did not claim any lien or interest in the cattle on account of the contract under which they were placed in defendant's possession."

There is no allegation in the pleadings that the defendant waived his lien or right to retain possession of the cattle under the contract. We, therefore, infer counsel mean to be understood as saying there was evidence so tending, and the instruction was for this reason properly refused. Conceding this to be so, we have to say that if the cattle were improperly demanded the defendant was not compelled to say any-

thing, but had the undoubted right to rely on the contract for his protection.

The defendant, or some one for him, wrote the plaintiff: "Please come down and tend to your cattle. We are going to stop the first of next month."

Within a few days the plaintiff went after the cattle, and was informed it had been arranged to run the distillery a month longer, and defendant refused to deliver plaintiff the cattle. At most we think the notice to take the cattle away, if such a construction can be placed thereon, was retracted, as it well might be, before acceptance. It is quite evident, we think, the case was not tried on the theory of a waiver or abandonment by the defendant of a special property in the cattle. The instruction was improperly refused.

Error is assigned on the instructions given, but we strongly incline to think the abstract fails to show that any sufficient exceptions were taken thereto.

REVERSED.